[833 NYS2d 546]

In the Matter of JOHN J. HARKINS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 20, 2007

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

*John J. Harkins*, Fredericksburg, Virginia, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Second and Eleventh Judicial Districts (hereinafter the Grievance Committee) served the respondent with a petition dated March 14, 2006, containing one charge of professional misconduct. After a hearing held on May 17, 2006, the Special Referee sustained the charge. The Grievance Committee now moves for an order confirming the Special Referee's report and disciplining the respondent as this Court deems appropriate under the circumstances.

The respondent neither cross-moved nor submitted a response to the Grievance Committee's motion to confirm the Special Referee's report. However, the respondent submitted a separate motion seeking leave to reargue so much of this Court's decision and order on motion dated February 17, 2006, as upon this Court's own motion, determined that his conviction of misdemeanor sexual abuse, in violation of District of Columbia Code § 22-4106 (now DC Code § 22-3006), constituted a serious crime involving moral turpitude within the parameters of 22 NYCRR 691.7 (b).

Charge One of the petition alleges that the respondent is guilty of professional misconduct in that he has been convicted of a serious crime, in violation of Code of Professional Responsibility DR 1-102 (a) (3) and (7) (22 NYCRR 1200.3).

On or about March 3, 2000, the respondent was convicted of misdemeanor sexual abuse, in violation of District of Columbia Code § 22-4106 (now DC Code § 22-3006), after a bench trial before the Honorable John R. Hess of the Superior Court of the District of Columbia. On or about April 28, 2000, he was sentenced to serve 30 days incarceration, with execution of sentence suspended, one year probation, and a $250 fine.

While admitting the facts of his conviction and sentencing, the respondent denied that his conviction was for a serious crime or that he was guilty of violating the disciplinary rules charged. The respondent argued before the Special Referee that the District of Columbia crime of misdemeanor sexual abuse was not a crime involving moral turpitude. Grievance counsel argues that the respondent's motion for leave to reargue is untimely inasmuch as it was made more than six months after this Court's decision and order on motion was entered, and after the conclusion of the disciplinary proceeding authorized by the decision and order on motion.

While the District of Columbia Rules of Professional Conduct do not contain a reference to crimes involving moral turpitude, they do contain a rule prohibiting the commission of crimes which reflect "adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects" (DC Rules of Professional Conduct rule 8.4 [b]). In affirming the respondent's criminal conviction, the District of Columbia Court of Appeals concluded that the evidence introduced at his trial was sufficient to infer that he acted with the specific intent to "abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person," and thus that he committed misdemeanor sexual abuse by way of sexual contact (*Harkins v United States*, 810 A2d 895, 901 [DC 2002]). Later, when determining the appropriate disciplinary sanction, the District of Columbia Court of Appeals concluded that the totality of the respondent's conduct rose to the level of misconduct interdicted by District of Columbia Rules of Professional Conduct rule 8.4 (b), and imposed a sanction of suspension for a period of 30 days (*see In re Harkins*, 899 A2d 755 [DC 2006]).

Based on the conclusions of the District of Columbia Court of Appeals, this Court's determination that the respondent was convicted of a serious crime involving moral turpitude was amply justified, and the Special Referee properly sustained the charge. The Grievance Committee's motion to confirm the Special Referee's report is granted and the respondent's motion for leave to reargue is denied.

In determining an appropriate measure of discipline to impose, the Special Referee noted that the mitigation advanced by the respondent was that he is currently retired and suffering from macular degeneration, and that he has never before been arrested or charged with any ethical violation or act of professional misconduct. Under the totality of circumstances, the re-

spondent is publicly censured in New York based upon the discipline imposed upon him in the District of Columbia.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and FISHER, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted and the respondent's motion for leave to reargue this Court's decision and order on motion dated February 17, 2006, is denied; and it is further,

Ordered that the respondent is publicly censured for his professional misconduct.